IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES A. CHESLEK,

        Plaintiff,

v.                                       CV 15-348 JB/WPL

CHASE BANK,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Defendant Chase Bank ("Chase") filed a motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), requesting dismissal as a matter of law for all of Cheslek's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and Section 1681s-(2)(a) of the Fair Credit Reporting Act ("FCRA"). (Doc. 16.) The parties later agreed that all claims arising under § 1681s-2(a) of the FCRA are improper and should be dismissed. (Doc. 18 Ex. A.) For the reasons explained below, I recommend that the Court grant Chase's motion for partial judgment on the pleadings and dismiss with prejudice all claims against Chase that arise under the FDCPA or § 1681s-2(a) of the FCRA.

**BACKGROUND**

The following background information comes from the well-pleaded facts included in Cheslek's complaint (Doc. 1).

In December 2013, Cheslek noticed on his credit reports from Transunion, Experian, and Equifax, that Chase was reporting a delinquent debt of $1,242. Cheslek disputed the alleged debt with the three credit reporting agencies ("CRAs") and directly with Chase. On December 9,

2013, Cheslek requested that Chase verify the alleged debt and forward him copies of the original credit card agreement and all receipts to verify the amount owed. Approximately ten days later, Chase responded that it had sold the account to Midland Credit Management ("Midland") and did not provide Cheslek with copies of the credit agreement because the account was opened over the internet or the phone and did not provide copies of any receipts. Chase continued reporting the alleged debt to the three CRAs. Chase advised Cheslek to contact Midland about the alleged debt. On February 24, 2014, Chase informed Cheslek that it had investigated and verified the alleged debt.

Cheslek contacted Midland on March 11, 2014, and requested verification of the alleged debt. Midland informed Cheslek that it agreed with him that the account could not be verified and that it had instructed the three CRAs to delete the account from Cheslek's credit file.

On April 7, 2014, Cheslek forwarded the correspondence with Midland to Chase and demanded that Chase remove the negative references from his credit report. Chase responded simply that it had provided accurate information to the three CRAs. Chase did not provide Cheslek with a copy of its investigation or other verification documents.

Cheslek made additional demands that Chase delete the report to the CRAs on July 31, 2014, and January 31, 2015. Chase responded on February 26, 2015, that it could not provide Cheslek with the relevant information because the account had been sold to Midland.

Chase continues to report the alleged delinquent account to the three CRAs. Chase's subscriber agreement promises to accurately update and report consumer accounts.

Cheslek now brings claims against Chase under various sections of the FDCPA, § 1681s-2(a)-(b) of the FCRA, and the New Mexico Unfair Practices Act.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) is designed "to provide a means of disposing of cases when the material facts are not in dispute between the parties." *Peña v. Greffet*, --- F. Supp. 3d ---, ---, 2015 WL 3860084, at *8 (D.N.M. 2015) (citing *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994)). "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation omitted). Rule 12(c) motions are generally treated like motions to dismiss under Rule 12(b)(6), except that claims dismissed under Rule 12(c) are dismissed with prejudice. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002); *Peña*, --- F. Supp. 3d at ---, 2015 WL 3860084, at *8. Accordingly, a court reviewing a motion for judgment on the pleadings must accept "all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enters.*, 442 F.3d at 1244. Judgment on the pleadings should be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000).

Because Cheslek proceeds pro se, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories,

[their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

## DISCUSSION

Chase moves for judgment on the pleadings—and dismissal—of all claims arising under the FDCPA or Section 1681s-(2)(a) of the FCRA. Chase contends that the FDCPA claims against it must be dismissed because Chase is not a "debt collector" under the terms of the statute. The parties stipulated that the § 1681s-2(a) claims against Chase must be dismissed, and that such dismissal does not impact Cheslek's other claims under the FCRA.

The FDCPA regulates debt collectors and seeks "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." *Id.* at § 1692a(6). The term does not include a creditor, meaning "any person who offers or extends credit creating a debt and to whom a debt is owed," *id.* at § 1692a(4), or a creditor's employees seeking to collect debts owed to the creditor, *id.* at § 1692a(6)(A). However, a creditor can be a debt collector when the creditor, "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* at § 1692a(6).

The parties agree that Chase is the original creditor of the alleged debt at issue. Cheslek does not assert in the complaint nor does he argue in response to the motion for judgment on the pleadings that Chase ever used any name other than its own, indeed, that Chase attempted to collect the alleged debt.[1] I agree that Chase is the original creditor on the alleged debt and did not attempt to collect the alleged debt using a name other than its own. Therefore, Chase is not a "debt collector" pursuant to § 1692a(6)(A). *See, e.g.*, *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 411 (6th Cir. 1998) (holding that credit card company could not be sued under FDCPA because its principal business purpose was to extend credit, and the extension of credit is insufficient to turn an entity into a debt collector under the FDCPA); *Vilar v. Equifax Info. Servs., LLC*, 2014 WL 7474082, at *18 (D.N.M. Dec. 17, 2014) (unpublished) (citing *Lewis* for the proposition that "courts dismiss for failure to state a claim suits brought under the FDCPA against credit card companies or banks that extend credit and attempt to collect the unpaid debt"). I recommend that the Court dismiss the FDCPA claims against Chase for this reason.

Even if the Court were to find that Chase is not the original creditor of the alleged debt, Chase is not a "debt collector" within the meaning of the FDCPA. There is no allegation that Chase's principal business purpose is the collection of debts. The FDCPA claims must still be dismissed because Chase is not a debt collector.

Finally, were the Court to find that the pleadings sufficiently state that Chase is not the original creditor and is a debt collector under the FDCPA, the complaint includes no factual

---

[1] In "Plaintiff's Response to Motion for Judgemnt [sic] on the Pleadings," Cheslek summarily stated that "when plaintiff . . . disputed the alleged debt reported by defendant, Chase Bank, the defendant repeatedly referred the plaintiff to Midland Credit Management stating the debt was now owned by Midland Credit Management and that all inquiries regarding his account would be handled by Midland Credit Management." (Doc. 17 at 5.) According to Cheslek, this qualifies as Chase using another name in an attempt to collect a debt. I disagree. Cheslek presented no fact or argument suggesting that Chase ever used Midland's name in attempting to collect the alleged debt. The fact that Chase sold the alleged debt to Midland does not qualify as attempting to collect the alleged debt.

allegations that Chase violated the FDCPA. Cheslek does not assert that Chase sent threatening letters, made harassing or incessant phone calls, or even initiated communication with Cheslek. In short, Cheslek does not assert that Chase engaged in any practice prohibited by the FDCPA. For this reason as well, I recommend that the Court grant Chase's motion for judgment on the pleadings and dismiss with prejudice the FDCPA claims asserted against it.

## CONCLUSION

The parties agree that Cheslek's claims against Chase under § 1681s-2(a) of the FCRA should be dismissed with prejudice. I recommend that the Court conclude that Chase is the original creditor of the alleged debt. If the Court requires further determinations, I recommend that the Court conclude that Chase is not a "debt collector" as defined in 15 U.S.C. § 1692a(4). In the alternative, I recommend that the Court conclude that Cheslek did not state a claim against Chase under the FDCPA because he did not allege that Chase engaged in conduct violating the FDCPA. For all of these reasons, I recommend that the Court grant Chase's motion for judgment on the pleadings and dismiss all claims against Chase under the FDCPA and § 1681s-2(a) of the FCRA with prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*William P. Lynch*
William P. Lynch
United States Magistrate Judge