UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES A. CHESLEK

Plaintiff,

Civil Action No. 1:15-cv-00348-JB-WPL

vs.

CHASE BANK,

Defendant.

**DECLARATION OF DAVID RIVERA**

David Rivera declares and states as follows:

1. I am over the age of 18 years. I am fully competent to make this affidavit.

2. I am an Operations Team Leader for Chase Bankcard Services, Inc., the wholly owned operating subsidiary of Chase Bank USA, N.A. ("Chase"). My responsibilities including managing a team of advisors who handle and respond to credit bureau disputes from customers. The statements made in this affidavit are based upon my personal knowledge obtained in connection with my duties with Chase and in connection with my review of the respective Chase business records related to Plaintiff's account.

3. I am authorized to make this Affidavit on behalf of the Plaintiff in this matter. In the regular performance of my job functions, I am familiar with the business records maintained by Chase, including those records incorporated from Washington Mutual Bank ("WaMu") whose assets Chase acquired in 2008. These physical and electronic records—including Plaintiff's account statements and the other documents from Chase and Washington Mutual attached to the motion for summary judgment in this matter—are business records of these entities in that they were: (1) made by, or from information transmitted by, a person with knowledge of the events or

**EXHIBIT B**

conditions recorded; (2) made at or near the time of the events or conditions recorded; (3) were made in the regular course of business activity conducted by these entities; and (4) kept in the regular course of business activity conducted by these entities.

4. Chase's records reflect that a WaMu credit card ending in 7919 was opened for Plaintiff on March 1, 2007; that from this date forward, Plaintiff's wife was an authorized user of the account who received her own separate credit card; and that Plaintiff's wife remained an authorized user on the account for the entire time it remained open.

5. On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for WaMu and transferred substantially all of WaMu's assets to Chase's affiliate, JPMorgan Chase Bank, N.A. The WaMu credit card assets then were transferred to Chase, including Plaintiff's credit card account and balance due.

6. During January 2009, Chase sent Plaintiff a letter informing him that his credit card obligations had been transferred to Chase in September 2008 and was being converted to Chase in March 2009. Chase sent Plaintiff this letter to his address located at 1002 Liberty Trail, Michigan City, Indiana, 46360

7. After the transfer of the 7919 credit card account to Chase, Chase received several payments from Plaintiff related to this account. Those payments include: (1) a $25 payment on the card account on February 13, 2009; (2) a payment of $60 on May 18, 2009; (3) a payment of $135 on July 23, 2009.

8. After sending Plaintiff his final statement on or about February 22, 2010, Chase reported an unpaid balance of $1,242.81 to the credit reporting agencies to which it furnishes information. Then in July 2010, Chase sold the credit card account to Midland Credit

Management. Since that transfer to Midland Credit Management, Chase has made no efforts to collect on the debt.

9. In 2012 and 2013, Chase received three notifications from the credit reporting agencies that Plaintiff was disputing the credit report regarding his credit card account. Plaintiff: (1) disputed the account status, payment history profile, and payment rating in his first dispute in March 2012; (2) disputed that the account belonged to another person with the same name in his second March 2012 dispute; and (3) disputed the information as inaccurate in his third dispute in December 2013.

10. On each occasion, Chase performed an investigation of its records and then submitted responses to the credit reporting agencies. Chase did not locate any other information indicating that it had inaccurately reported the debt's amount or validity. Chase's responses reflected that—to the extent not already indicated in the credit reporting agency's records—the account had charged off as unpaid with a balance due of $1,242.81, that it had been sold to Midland Credit Management, that following the sale no money was due Chase, and that Plaintiff disputed the debt. Since its investigation confirmed the validity of the original debt obligation (and its sale to Midland), Chase did not instruct the credit reporting agencies to delete the tradeline for this account.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 29, 2016.

David Rivera